```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
STEPHEN SMITH,

                        Plaintiff,                            MEMORANDUM & ORDER
           - against -                                        22-CV-3426 (PKC) (LB)

US BANK NATIONAL ASSOCIATION
MASTR ASSET, SECURITIES TRUST 2006-
WMC2, ELPINIKI M. BECHASKA, and
CREDIT SUISSE FINANCIAL
CORPORATION,

                        Defendants.
--------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On June 8, 2022, *pro se* Plaintiff Stephen Smith filed this action against U.S. Bank National Association, Elpiniki M. Bechaska, an attorney, and Credit Suisse Financial Corporation. (Complaint ("Compl."), Dkt. 1 at ECF 1.[1]) Plaintiff seeks damages. (*Id.* at ECF 10–11.) Plaintiff's request to proceed *in forma pauperis* is granted. (Dkt. 2.) However, for the reasons explained below, Plaintiff's Complaint is dismissed. Plaintiff is granted thirty (30) days to file an amended complaint.

## BACKGROUND

Plaintiff alleges that Defendants "lacked standing" to commence a foreclosure proceeding for a property located at 145-48 224th Street in Rosedale, New York (the "Property"). (Compl., Dkt. 1, at ECF 1, 5–6.) He alleges that "[t]his is not about the '. . . foreclosure case itself or the

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

judgment . . .' but the status and standing of the defendant's ability to commence the proceedings." (*Id.* at ECF 6.)

Plaintiff includes documents related to the assignment of the mortgage for the property at issue (*id.* at ECF 15–18), as well as for another property located at 774 Herkimer Street in Brooklyn, New York (*id.* at ECF 12–14).[2] Plaintiff does not include documents related to any foreclosure or provide any information regarding the foreclosure. Plaintiff seeks, *inter alia*, damages, "discharge of mortgage," and "to discharge the loan from plaintiff's credit report." (*Id.* at ECF 10.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021). Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154,

---

[2] It is not clear what relevance, if any, the documents related to the 774 Herkimer Street property have to do with this action.

156 (2d Cir. 2017).  In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### I. Federal Court Jurisdiction

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016).  Congress has granted district courts two types of subject matter jurisdiction: (1) "federal question jurisdiction," under 28 U.S.C. § 1331, over "cases in which there is a federal question," and (2) "diversity jurisdiction," under 28 U.S.C. § 1332, over "certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  The plaintiff bears the burden of establishing either type of subject matter jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

### II. Plaintiff Fails to Sufficiently Allege Federal Question Jurisdiction

Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law."  *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted).  Here, Plaintiff's claim that Defendants lacked standing to commence foreclosure proceedings, presumably in state court, does not provide a basis for this Court's subject matter jurisdiction.  This Court cannot make determinations on the

legal viability of a foreclosure or any other proceeding filed in state court. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). Thus, the Court lacks federal question jurisdiction over his claim that Defendants lacked standing to commence a foreclosure proceeding in state court. Fed. R. Civ. P. 12(h)(3). To the extent that Plaintiff lists thirteen counts referencing various federal statutes and regulations (*see* Dkt. 1 at ECF 1–3), he provides no facts to support a claim under these federal statutes or regulations. "Simply raising a federal issue in a complaint will not automatically confer federal question jurisdiction." *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 137 (2d Cir. 2002). There is no subject matter jurisdiction if "the purported federal claim is clearly 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Southern New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 132 (2d Cir. 2010).

### III. Plaintiff Fails to Sufficiently Allege Diversity Jurisdiction

Similarly, Plaintiff fails to provide a basis for diversity jurisdiction over this matter under 28 U.S.C. § 1332. For instance, he fails to allege his citizenship and the citizenship of each Defendant named, he fails to set forth the amount in controversy, and he fails to allege the state law at issue. Thus, the Court also lacks diversity jurisdiction over this matter. Fed. R. Civ. P. 12(h)(3).

### IV. This Court Has No Jurisdiction Over Claims Challenging State Court Judgments

Although Plaintiff claims that he is not "arguing the issues on the foreclosure" (Compl., Dkt. 1, at ECF 9), the Court nonetheless advises him that pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The doctrine applies when (1) the

4

federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). Thus, to the extent Plaintiff is seeking to challenge a state court judgment of foreclosure, this Court would lack jurisdiction. *See Vossbrinck*, 773 F.3d at 426 (state foreclosure action and judgment barred from district court review by *Rooker-Feldman* doctrine); *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005) (same); *Desir v. Florida Cap. Bank, N.A.*, 377 F. Supp. 3d 168, 172 (E.D.N.Y. 2019) ("[C]ourts in this circuit routinely dismiss challenges to state court foreclosure judgments under *Rooker-Feldman*.").

## CONCLUSION

For the reasons explained above, Plaintiff's Complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). In light of Plaintiff's *pro se* status, the Court grants him leave to file an amended complaint within thirty (30) days of this Order. If Plaintiff elects to file an amended complaint, it must be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order, No. 22-CV-3426 (PKC) (LB). The amended complaint will replace the original complaint and must therefore stand on its own without reference to the original complaint. In the amended complaint, Plaintiff must set forth facts to show that the Court has subject matter jurisdiction over his claims. Legal conclusions and conclusory allegations will not suffice. Plaintiff must provide facts sufficient to allow each named Defendant "to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000)). Plaintiff must also provide the

date and location for each relevant event. In addition, should Plaintiff invoke diversity jurisdiction, he must also set forth the citizenship of each plaintiff and each defendant named in the caption of the amended complaint, the amount in controversy,[3] and the state law at issue.

All further proceedings shall be stayed for thirty (30) days. If Plaintiff does not file an amended complaint by that deadline or show good cause why he cannot comply, the Court shall direct the Clerk of Court to enter judgment and close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 11, 2022
Brooklyn, New York

---

[3] "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). The amount in controversy must be non-speculative in order to satisfy the statute.