UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
STEPHEN SMITH,

                            Plaintiff,

        - against -

U.S. BANK, NATIONAL ASSOCIATION
MASTR ASSET- SECURITIES TRUST, 2006-
WMC2, WMC MORTGAGE GROUP,
ANDREW APPLEQUIST, JENNIFER
WARREN, and  ELPINIKI M. BECHALAS,

                            Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-3426 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

        On June 8, 2022, *pro se* Plaintiff Stephen Smith filed this action against U.S. Bank National Association, attorney Elpiniki M. Bechaska, and Credit Suisse Financial Corporation. (Complaint ("Compl."), Dkt. 1, at ECF 1.[1]) By Memorandum and Order dated July 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), and dismissed the Complaint with leave to file an amended complaint within 30 days. (Memorandum & Order, Dkt. 4.[2]) On August 11, 2022, Plaintiff filed an Amended Complaint against U.S. Bank National Association, WMC Mortgage Group, Andrew Applequist, Jennifer Warren, and Elpiniki M. Bechalas. (Am. Compl., Dkt. 5, at ECF 1.) Plaintiff invokes the Court's diversity jurisdiction concerning the foreclosure of two separate properties, one located at 774 Herkimer Street in Brooklyn, and another located at

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] On July 14, 2022, Plaintiff filed a complaint against U.S. Bank National Association and WMC Mortgage Group, which was dismissed. *See Smith v. U.S. Bank Nat'l Assoc.*, No. 22-CV-4207 (PKC) (LB) (E.D.N.Y. July 22, 2022).

1

145-48 224th Street in Queens. (*Id.* at ECF 2.) For the reasons explained below, the Amended Complaint is dismissed and this matter is terminated.

## BACKGROUND

Plaintiff alleges that this is a "diversity case," claiming that his two properties "are currently in foreclosure due to the possible fraudulent assignments of mortgage by the defendants named in this action." (Am. Compl., Dkt. 5, at ECF 3.) Plaintiff further alleges that "[t]his law suit [*sic*] is not about the judgment of foreclosure, its [*sic*] about prior to the commencement of the foreclosure proceedings that the violation of the constitution exist [*sic*] and the causes of action arose." (*Id.* at ECF 7.) Plaintiff includes, as exhibits to the Amended Complaint, documents related to the mortgages for both properties (*id.* at ECF 19–35, 77, 101–02), several copies of the Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (*id.* at ECF 39–47), an unsigned copy of an "amended federal complaint" for docket number 22-CV-4207 (PKC) (LB) (*id.* at ECF 50–62), and an excerpt of a state court order confirming the referee report and judgment of foreclosure and sale for the 774 Herkimer Street property dated January 17, 2019 (*id*. at ECF 79–89).

Plaintiff seeks, among other things, to hold "both foreclosure actions including any appeals . . . in abeyance," "a full and complete discharge of mortgages in both cases," and "$1.5 Million Dollars in compensatory damages." (*Id.* at ECF 9–11.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations."  *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021).  Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest."  *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).  In addition, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

**I.     Federal Court Jurisdiction**

Federal courts are courts of limited jurisdiction and must independently verify the existence of subject matter jurisdiction before proceeding to the merits.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005); *Doe v. United States*, 833 F.3d 192, 196 (2d Cir. 2016).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332."  *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013).  The plaintiff bears the burden of establishing subject matter jurisdiction.  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."  *United States v. Cotton*, 535 U.S. 625, 630 (2002).  "[W]hen a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

## II. Plaintiff Has Failed to Sufficiently Allege Federal Question Jurisdiction

Federal question jurisdiction exists where a plaintiff's cause of action is based on a violation of federal law or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks omitted). Here, as in the original complaint, Plaintiff's claim that Defendants lacked standing to commence foreclosure proceedings in state court does not provide a basis for this Court's subject matter jurisdiction. This Court cannot make determinations on the legal viability of a foreclosure or any other proceeding filed in state court. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014). Thus, the Court lacks federal question jurisdiction over Plaintiff's claim about Defendants' alleged lack of standing to commence foreclosure proceedings in state court. Fed. R. Civ. P. 12(h)(3).

## III. Plaintiff Has Failed to Sufficiently Allege Diversity Jurisdiction

Plaintiff has not alleged facts to support diversity jurisdiction. To invoke diversity jurisdiction, Plaintiff must establish that there is complete diversity of the parties and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Court provided Plaintiff an opportunity to allege facts to support diversity jurisdiction and he has failed to do so. As in the original Complaint, Plaintiff's Amended Complaint fails to allege his citizenship and the citizenship of each Defendant, and Plaintiff fails to set forth the amount in controversy. Thus, the Court also lacks diversity jurisdiction over this matter. Fed. R. Civ. P. 12(h)(3).

## IV. This Court Lacks Jurisdiction Over Claims Challenging State Court Judgments

Although Plaintiff claims that "this law suit [*sic*] is not about the judgment of foreclosure" (Am. Compl., Dkt. 5, at ECF 7), he seeks a "full and complete discharge of both mortgages" (*id.* at 11). Pursuant to the *Rooker-Feldman* doctrine, lower federal courts lack subject matter jurisdiction over claims that effectively challenge state court judgments. *See District of Columbia*

*Court of Appeals v. Feldman*, 460 U.S. 462, 486–87 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

The doctrine applies when (1) the federal court plaintiff has lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites the federal court to review and reject that judgment; and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 284 (2005). Thus, to the extent Plaintiff is seeking to challenge a state court judgment of foreclosure, this Court lacks jurisdiction over the matter. *See Vossbrinck*, 773 F.3d at 426 (state foreclosure action and judgment barred from district court review by *Rooker-Feldman* doctrine); *Swiatkowski v. New York*, 160 F. App'x 30, 32 (2d Cir. 2005); *Desir v. Florida Cap. Bank, N.A.*, 377 F. Supp. 3d 168, 172 (E.D.N.Y. 2019) ("[C]ourts in this circuit routinely dismiss challenges to state court foreclosure judgments under *Rooker-Feldman*.").

Moreover, the Anti-Injunction Act precludes Plaintiff's request for this Court to hold Plaintiff's state court foreclosure actions, to the extent they are still pending, in abeyance. (Am. Compl., Dkt. 5, at ECF 9). The Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. "This provision applies when the requested injunction would either stay the ongoing state proceedings or prevent the parties from enforcing an order that has already issued." *Wenegieme v. US Bank Nat'l Assoc.*, No. 16-CV-2634 (AMD), 2016 WL 3348539, at *2 (E.D.N.Y. June 9, 2016) (citing *Atl. Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 294 (1970)). Courts in this Circuit routinely hold that the Anti-Injunction Act applies in the context of

5

pending state court foreclosure proceedings. *See, e.g.*, *Walker v. Mirbourne NPN 2LLC*, No. 18-CV-5211 (BMC) (CP), 2018 WL 4494875, at *3 (E.D.N.Y. Sept. 19, 2018); *Abbatiello v. Wells Fargo Bank, N.A.*, No. 15-CV-4210 (SJF) (ARL), 2015 WL 5884797, at *5 (E.D.N.Y. Oct. 8, 2015) (collecting cases).

V.  **Plaintiff's Amended Complaint in 22-CV-4207 (PKC) (LB)**

As an exhibit to the Amended Complaint filed in this case, Plaintiff filed a document styled as an amended complaint to a different, prior action filed by Plaintiff—docket number 22-CV-4207 (PKC) (LB). (Am. Compl., Dkt. 5, at ECF 50–62.) That case, however, is closed. *Smith v. US Bank Nat'l Assoc., et al*, No. 22-CV-4207 (PKC) (LB), 2022 WL 2906201 (E.D.N.Y. July 22, 2022). In any event, the Court notes that the purported amended complaint is not signed by Plaintiff in violation of Rule 11 of the Federal Rules of Civil Procedure and does not provide a basis for the Court to reconsider its decision in 22-CV-4207 under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure.

## CONCLUSION

For the reasons explained above, Plaintiff's Amended Complaint, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Clerk of Court is respectfully directed to enter judgment accordingly and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 12, 2022
      Brooklyn, New York