UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEPHEN SMITH,

                      Plaintiff,               **MEMORANDUM & ORDER**
    -against-                                           22-CV-3426 (PKC) (LB)

U.S. BANK, NATIONAL ASSOCIATION MASTR
ASSET- SECURITIES TRUST, 2006-WMC2,
WMC MORTGAGE GROUP, ANDREW
APPLEQUIST, JENNIFER WARREN, and
ELPINIKI M. BECHALAS,

                      Defendants.
-----------------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

On June 8, 2022, *pro se* Plaintiff Stephen Smith filed this action against U.S. Bank National Association, Elpiniki M. Bechaska, an attorney, and Credit Suisse Financial Corporation. (Complaint, Dkt. 1 at ECF 1.[1]) By Memorandum and Order dated July 11, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") and dismissed the Complaint with leave to file an amended complaint within 30 days. (Memorandum & Order, Dkt. 4.[2]) On August 11, 2022, Plaintiff filed an Amended Complaint against U.S. Bank National Association, WMC Mortgage Group, Andrew Applequist, Jennifer Warren and Elpiniki M. Bechalas. (Am. Compl., Dkt. 5 at ECF 1.) By Memorandum and Order dated September 12, 2022, the Court dismissed Plaintiff's Amended Complaint, without prejudice, for lack of subject matter jurisdiction. (Memorandum & Order, Dkt. 6.) On September 13, 2022, the Clerk of

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

[2] On July 14, 2022, Plaintiff filed a complaint against U.S. Bank National Association and WMC Mortgage Group, which was dismissed. *See Smith v. U.S. Bank Nat'l Assoc.*, No. 22-CV-4207 (PKC) (LB) (E.D.N.Y. July 22, 2022).

Court entered judgment. (Dkt. 7.) On September 28, 2022, Plaintiff moved for reconsideration of the Court's Order. (Pl. Mot., Dkt. 8.) For the reasons set forth below, the motion is denied.

A motion for reconsideration of a court's judgment is permitted under Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to file a motion to alter or amend the judgment within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). "A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (brackets omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* "Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotations and ellipsis omitted), *as amended* (July 13, 2012).

Plaintiff seeks reconsideration based on the Court's purported failure "to actually 'read' the cause of action" and "that this case is not about *Rooker-Feldman* doctrine" but rather "whether defendant had legal standing to commence a foreclosure action … in State Court." (Pl. Mot., Dkt. 8 at ECF 4.) Plaintiff does not provide the Court with any controlling case law or data that it has overlooked warranting relief from the judgment of dismissal. Rather, Plaintiff disagrees with the Court's analysis of his claims. (*Id.* at 1–9.) To reiterate, this Court lacks subject matter jurisdiction to review the state court foreclosure proceedings and therefore cannot consider Plaintiff's claim that the defendants lacked standing to commence the foreclosure action

in *state* court. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014).

## CONCLUSION

Accordingly, Plaintiff has not shown that he is entitled to reconsideration of the Court's Memorandum and Order and Plaintiff's motion is denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Brooklyn, New York
Dated: October 21, 2022